## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDY PEREZ LEYBA** | : |
| | : |
| **Petitioner,** | : **3:26-cv-1549** |
| | : **(JUDGE MARIANI)** |
| **v.** | : |
| | : |
| **WARDEN, PIKE COUNTY** | : |
| **CORRECTIONAL FACILITY** | : |
| | : |
| **Respondent.** | : |

## MEMORANDUM OPINION

### I.    BACKGROUND

Petitioner Andy Perez Leyba ("Petitioner"), a citizen of the Dominican Republic who overstayed his B2 visitor visa, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained within the Middle District of Pennsylvania and names as Respondent Craig Lowe, Warden of the Pike County Correctional Facility.

Petitioner entered the United States on July 16, 2022, using a B2 temporary visitor visa valid through January 15, 2023. (Docs 6 at 2, 6-2 at 2). On October 7, 2025, Petitioner was issued a Notice to Appear and charged as deportable under 8 U.S.C. § 1227(a)(1)(B). (Doc. 6-2). His immigration proceedings remain ongoing.

On May 13, 2026, at a state court hearing following his arrest for simple assault and harassment, ICE took to Petitioner into custody. (Doc. 6 at 2). On June 3, 2026, an Immigration Judge ("IJ") denied bond after concluding that Petitioner failed to demonstrate

that he was not a danger to the community. (*Id.* at 3). Respondent alleges Petitioner "drove while intoxicated and assaulted his girlfriend by slamming her head against a wall then applied pressure to her head as he pushed her against that wall." (*Id.* at 2). Petitioner does not dispute these allegations in his traverse. (Doc. 7).

In the petition, Petitioner seeks his immediate release or a second bond hearing. Respondent opposes the petition, claiming that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and that his detention does not violates due process.

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a

discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

### III.    ANALYSIS

Petitioner seeks his immediate release or second bond hearing before an IJ.[1] Respondent has detained Petitioner for nearly one month pursuant to 8 U.S.C. § 1226. Specifically, Respondent represents that Petitioner is detained under 8 U.S.C. § 1226(a), although Respondent notes it could lawfully detain Petitioner under 8 U.S.C. § 1226(c) based on his alleged criminal conduct. (Doc. 6 at 7) ("Arguably because Mr. Leyba committed a violent offense when he slammed his girlfriend's head against the wall and caused her injury, his detention is proper and mandatory.").

Section 1226(a) provides:

**(a) Arrest, detention, and release**
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
  (1) may continue to detain the arrested alien; and
  (2) may release the alien on—
       (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
       (B) conditional parole; but
  (3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien

---

[1] Petitioner raises four claims in the petition. First, "Interference with Access to Justice and lawfulness of my confinement." (Doc. 1 at 6). The second claim is listed as "health is deteriorating rapidly." (*Id.*). The third claim is identified as "Employment, Business, Taxes," and the fourth claim is labeled "Accused danger to community." (*Id.* at 6-7).

is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). It is undisputed that Petitioner received a bond hearing before an IJ on June 3, 2026, and that the IJ denied bond after determining he was a danger to the community.

To the extent Petitioner challenges his less than one-month detention, duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018). "Unlike § 1226(c) detainees . . . who were detained for prolonged periods without being given any opportunity to apply for release on bond," here Petitioner "was granted meaningful process prior to filing his habeas petition." *Id.* at 279-80. Moreover, Petitioner does not allege any constitutional infirmities with the procedures used by the IJ at the bond hearing.[2] Accordingly, Petitioner is not

---

[2]    On June 22, 2026, Petitioner filed a Motion to Supplement his traverse. (Doc. 8). The Court will grant Petitioner's motion. However, nothing submitted by Petitioner alters the Court's conclusion that he is not entitled to habeas relief at this time. Although Petitioner claims in the motion that his girlfriend, whom he is alleged to have violently assaulted, was not permitted to testify at his bond hearing, nothing in the motion and the documents attached thereto supports that statement (other than Petitioner's own self-serving statements). (Docs. 8, 8-1, 8-2). Document 8-1 is Petitioner's bond motion filed by his immigration counsel, which was denied by the IJ. (Doc. 8-1). Document 8-2 is a letter addressed to "To Whom It May Concern" from an Outpatient Therapist at Haven House stating the "[t]he next Anger Management group is scheduled to begin on July 30th, 2026." (Doc. 8-2 at 1). Neither document indicates whatsoever that the IJ refused to permit his girlfriend to testify at his June 3, 2026, bond hearing. Moreover, Petitioner cannot raise new claims and issues in his traverse that should have been raised in the petition. *See Callahan v. Ransom*, 2026 WL 561042, at *12 (E.D. Pa. Feb. 27, 2026) ("A habeas petitioner may not raise new issues in a reply that should have been raised in the initial brief."). Petitioner filed his initial habeas petition two days after his June 3, 2026, bond hearing. Petitioner should have raised any alleged improprieties with his bond hearing at the time he filed the initial petition on June 5, 2026. (Doc. 1).

entitled to any habeas relief because he is lawfully detained under 8 U.S.C. § 1226(a) and he has failed to demonstrate that his detention violates due process. *See Gonzalez Hernandez v. Warden*, 2026 WL 1725860, at \*1 (M.D. Pa. June 15, 2026) (denying habeas relief where petitioner "already received two bond hearings" under Section 1226(a) and "does not challenge the constitutionality of those determinations themselves").

To the extent Petitioner argues he is not a danger to the community, the Court lacks jurisdiction to review the discretionary determinations of the IJ. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Chim v. Tsoukaris*, 2026 WL 1650938, at \*3 (D.N.J. June 8, 2026) ("Here, Petitioner's challenge to the IJ's denial of bond based on him being a flight risk is a challenge to the IJ's credibility determinations and weighing of the evidence, which are discretionary determinations beyond the review of this Court.") (citing 8 U.S.C. § 1226(e)). Moreover, there is no evidence that Petitioner exercised his right to challenge the IJ's June 2026 bond determination by appealing to the BIA. *See* 8 C.F.R. §§ 1003.19(f), 1003.38. If Petitioner can demonstrate a material change in circumstances, he may seek a custody redetermination before an IJ, not this Court. *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

5

Upon careful consideration of the petition, the Court finds that Petitioner's claims lack merit, and he has failed to demonstrate that he is entitled habeas relief at this time. Accordingly, the Court will deny the petition.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied.  A separate Order follows.

Robert D. Mariani
United States District Judge

6